<u>NOT RECOMMENDED FOR FULL-TEXT PUBLICATION</u>
File Name:  14a0136n.06

Case No. 11-2531

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Feb 18, 2014
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| CURTIS PARKS, | ) | |
| | ) | |
| Petitioner-Appellant, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE EASTERN DISTRICT OF |
| PAUL KLEE, | ) | MICHIGAN |
| | ) | |
| Respondent-Appellee. | ) | |
| | ) | |
| | ) | |

BEFORE:  MOORE, GIBBONS and SUTTON, Circuit Judges.

PER CURIAM.  For sixteen months in 2001 and 2002, a software glitch affected the Kent County, Michigan jury selection system.  In *Ambrose v. Booker*, 684 F.3d 638 (6th Cir. 2012), this court addressed three habeas petitioners' claims that the computer glitch led to a violation of their Sixth Amendment right to a jury drawn from a fair cross section of the community.  We held that the normal requirement of cause and prejudice to excuse a procedural default on habeas review applied to these claims.  *Id.* at 649.  After finding that the petitioners could demonstrate cause, we remanded to allow the district court to develop a record as to whether the petitioners suffered prejudice from the alleged fair cross-section violations.  *Id.* at 652.

Curtis Parks raised the same procedurally defaulted fair cross section claim as the *Ambrose* petitioners in his habeas petition based on the same computer glitch. The district court found cause to excuse the default, presumed prejudice and denied his petition on the merits. He appealed, and at his request we held his appeal in abeyance awaiting the decision in *Ambrose*. As in that case, because the district court presumed prejudice and "did not address actual prejudice, a remand is necessary." *Id.*

Parks' appeal also challenges the district court's denial of relief on his ineffective assistance of counsel claim related to his counsel's failure to raise a *Batson* challenge at trial. In light of the remand on the fair cross section claim, we need not go into detail about the appellate arguments on this issue. We will note that, in the course of resolving this complicated case, the district court appears to have overlooked the existence in the record of the voir dire transcript from Parks' state court trial. In view of this reality, we will vacate this portion of the district court's decision as well, and the court is free on remand to consider any arguments Parks may wish to raise.

The district court's orders on Parks' fair cross section and ineffective assistance claims are vacated, and the case is remanded for further proceedings consistent with this opinion.